IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RICHARD SANFORD WHITE LIVING ) | |
| TRUST and TRUST F/B/O MARJORIE ) | |
| CLAIRE TAYLOR Established ) | |
| Thereunder; RICHARD SANFORD ) | |
| WHITE, Deceased Grantor. ) | |
| ) | |
| MARJORIE CLAIRE TAYLOR, ) | |
| Beneficiary, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 12-2069 |
| ) | |
| PAUL D. MYERS and EDWARD C. ) | |
| HAYWARD, III, Trustees, ) | |
| ) | |
|    Defendants. ) | |

**ORDER DENYING MOTION TO REMAND AND MOTION TO DISMISS**

     Plaintiff Marjorie Claire Taylor ("Taylor") brings this action to remove Defendants Paul D. Myers ("Myers") and Edward C. Hayward, III ("Hayward") (collectively, the "Trustees") from their position as trustees of the Richard Sanford White Living Trust. (Petition to Remove Trustees, ECF No. 1-1 ("Petition.").) On January 30, 2012, the Trustees removed the action to this Court. (Notice of Removal, ECF No. 1-1.) On February 20, 2012, the Trustees filed a Motion to Dismiss.

(Mot. to Dismiss, ECF No. 3.)  Taylor responded on March 19, 2012, and the time to reply has now passed.  (Resp., ECF No. 6; W.D. Tenn. Civ. R. 12.1.)  On March 1, 2012, Taylor filed a Motion to Remand.  (ECF No. 4 ("Mot. to Remand").)  The Trustees responded on March 13, 2012.  (Resp. in Opp. to Pl.'s Motion to Remand, ECF No. 5.)  For the following reasons, the Court DENIES the Motion to Remand and DENIES the Motion to Dismiss.

**I. Background**

Richard Sanford White ("White") passed away in Shelby County, Tennessee, on May 5, 2005.  (Petition ¶ 1.)  White had established the Richard Sanford White Revocable Living Trust (the "Living Trust") on October 3, 2002.  (Id. ¶ 2; the Living Trust, ECF No. 1-1.)  The Living Trust provides that, after White's death, Myers and Jimmy Don Pearson, now deceased, will serve as successor co-trustees.  (Living Trust 19.)  If one of them is unable or unwilling to serve, Hayward will serve as a trustee.  (Id.)

The Living Trust also provides that the Trustees will use the trust's funds to pay Taylor $25,000 on the first anniversary of White's death. Each year thereafter during Taylor's lifetime, the Trustees will pay her $25,000 plus three percent (3%) of that sum compounded annually.  (Living Trust § E.)

Taylor contends that the Trustees should be removed because they have used the trust for their benefit rather than hers.

2

**II.  Jurisdiction and Choice of Law**

Taylor alleges that she is a resident of Germantown, Tennessee.  (Petition ¶ 11.)  She also alleges that Myers and Hayward are residents of Mississippi.  (Id. ¶¶ 12-13.)  She seeks the disgorgement $275,540 in trustees' fees, repayment of $76,385 in attorney's fees, restitution of $50,346 that was paid to entities other than Taylor because "no distributions to any residuary beneficiary are allowed until the death of [Taylor]," and her own attorney's fees.  (Petition 18-19.)  The amount in controversy exceeds $75,000, and there is diversity between the parties.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).

Taylor argues that there is no diversity because the trust was drafted under Tennessee law, and she is, and White was, a Tennessee resident.  Therefore, both she and the trust are citizens of Tennessee.  It is well established, however, that a "trust has the citizenship of its trustees."  Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 F. App'x 731, 732 (6th Cir. 2002).

Taylor also argues that federal jurisdiction is not proper because the trust is a private trust, not a business trust.  "[T]he type of trust [does not] call[] for a difference when determining a trust's citizenship.  Emerald Investors Trust v. Gaunt Parsippany Ptnrs., 492 F.3d 192, 198 n.10 (3rd Cir. 2007).

A trust is an unincorporated association and so "remain[s] [a] mere collection of individuals." <u>Navarro Savings Association v. Lee</u>, 446 U.S. 458, 460 (1980). The trustees, who have the power to "hold, manage, and dispose of assets for the benefit of others," are the real parties to the controversy, not a deceased grantor or the beneficiaries. <u>Id.</u> at 464. "For more than 150 years, the law has permitted trustees . . . to sue in their own right, without regard to the citizenship of the trust beneficiaries." <u>Id.</u> at 465. "In a suit by or against the individual trustees of a trust . . . their citizenship, and not that of the trust beneficiaries, is controlling for diversity purposes." <u>Emerald Investors</u>, 492 F.3d at 200. Jurisdiction is proper.

The Living Trust was executed in Tennessee and provides that "all questions pertaining to the validity, construction[,] and administration of this trust shall be determined in accordance with the laws of the State of Tennessee. (Living Trust 22.) Tennessee substantive law applies. <u>See</u> <u>Dorothy K. Graves Family Trust v. Litton Loan Servicing LP</u>, No. 10-2173, 2011 U.S. Dist. LEXIS 21533, at *13 (W.D. Tenn. March 3, 2011); <u>Freeman Mgmt. Corp. v. Shurgard Storage Ctrs., Inc.</u>, No. 3:06cv0736, 2007 U.S. Dist. LEXIS 37735, at *8-9 (M.D. Tenn. May 23, 2007).

**III. Standard of Review**

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1397, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

**IV. Analysis**

The Trustees argue that Claire Castle ("Castle"), who brings suit as Taylor's attorney in fact, cannot proceed because Castle has not established that she is an attorney in fact. (Mem. Of Law in Support of Mot. to Dismiss 3, ECF No. 3-2 ("Mem. To Dismiss").)

Taylor appointed Castle her attorney in fact by executing a General Power of Attorney on May 25, 2001. (General Power of Attorney 3, ECF No. 6-1.) The General Power of Attorney

5

provides Castle with full power and authority to act on Taylor's behalf and gives Castle the right to "[t]ake any and all legal steps necessary to collect any amount or debt owed to [Taylor]." (Id. 2.)

Tennessee allows an attorney in fact to "sue, defend, or compromise suits and legal actions" on the part of her principal. Tenn. Code Ann. § 34-6-109 (17). Castle has executed an affidavit stating she has no knowledge of the revocation of the power of attorney. (Aff., ECF No. 7.) Her affidavit is "conclusive proof of the nonrevocation or nontermination of the power [of attorney]." Tenn. Code Ann. § 34-6-105. An attorney in fact has authority to bring suit on behalf of her principal. In re Estate of Rinda, No. W2010-01888-COA-R3-CV, 2010 Tenn. App. LEXIS 794, at *11-12 (Tenn. Ct. App. Dec. 23, 2010). Castle has established that she has the authority to bring suit on behalf of Taylor.

### V. Conclusion

For the foregoing reasons, Taylor's Motion to Remand is DENIED, and the Trustees' Motion to Dismiss is DENIED.

So ordered this 20th day of August, 2012.

                                      s/ Samuel H. Mays, Jr.
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE